UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNY SCHOETTLER,<br><br>　　　　Defendant. | CASE NO. 1:15-cv-0810-MJS<br><br>**ORDER DISMISSING COMPLAINT (ECF No. 1); AND**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 4)**<br><br>**FIRST AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.  PLAINTIFF'S ALLEGATIONS

As best as the Court can determine, Plaintiff alleges as follows:

He dropped his vehicle off at Schoettler Tire on April 30, 2013, to replace four tires and wrote a check for $1,063.89. When Plaintiff returned later that day to pick up his vehicle, the work was not completed, so he put a stop payment on his check. Defendant Kenny Schoettler, the store manager at Schoettler Tire, filed a police report accusing Plaintiff of writing a fraudulent check. Plaintiff seeks damages for false arrest, humiliation, and intentional infliction of emotional distress. Plaintiff also alleges that his Eighth Amendment rights to be free from cruel and unusual punishment were violated.

### IV.  ANALYSIS

To state a claim pursuant to Section 1983, the vehicle for bringing a claim for constitutional violations, a plaintiff must plead facts indicating that the defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law, and their conduct does not constitute state action. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.1991).

Plaintiff cannot maintain a civil rights claim against this named Defendant because Defendant has not acted under color of state law and he is not a government

official. For the conduct of a private person or entity to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1983).

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001) (citation and quotation marks omitted). Private entities have been treated as state actors only when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Id. at 296 (citations omitted).

Plaintiff is hereby informed that absent a viable federal claim, any state law claims arising from the conduct described in the complaint would need to be filed in state court. See 28 U.S.C. §1367. This is because federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). In the absence of a claim based on original jurisdiction, the Court may decline to exercise supplemental jurisdiction over all other state law claims. See 28 U.S.C. §1367(a).

## V.    MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion for appointed counsel.[1] (ECF No. 4.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

---

[1] Plaintiff's "motion" is simply a blank form that provides only enough details to identify the case and the request. It contains no argument as to why he seeks appointment of counsel.

Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  At this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the pleading, it appears Plaintiff may not be able to bring a claim within the jurisdiction of this Court. Accordingly, this request will be denied.

## VI.   CONCLUSION AND ORDER

The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must address the deficiencies noted in this Screening Order. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this Screening Order;

2. The Clerk of Court is directed to send Plaintiff a copy of his complaint filed on October 14, 2015, and a copy of the Pro Se Packet;

3. If Plaintiff fails to file a first amended complaint or otherwise respond to this Order, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute; and

4. Plaintiff's motion to appoint counsel (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated:   November 5, 2015                 /s/ *Michael J. Seng*
                                                                                      UNITED STATES MAGISTRATE JUDGE